UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 02-60111-CR-DIMITROULEAS
MAGISTRATE JUDGE SNOW

FILED BY: _____ D.C.

2002 NOV 14  PM 3: 42

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FL.-FTL.

UNITED STATES OF AMERICA

v.

DANNY WISHER,
TIMMY COX,
and MICHAEL CRUMPTON,

Unsealed 7/8/10

            Defendants.
_____/

**SEALED MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT TIMMY COX'S EX PARTE MOTION UNDER
FEDERAL RULE OF CRIMINAL PROCEDURE 17(c) FOR
PRETRIAL PRODUCTION OF DOCUMENTS REQUESTED
PURSUANT TO SUBPOENA DUCES TECUM**

## PRELIMINARY STATEMENT

Defendant Timmy Cox, by his undersigned attorney, hereby moves this Court for

an Order under Federal Rule of Criminal Procedure 17(c) requiring pretrial production of

documents requested in a subpoena <u>duces tecum</u> directed to the Custodian of Documents

of the Seminole Tribe of Florida.  The proposed subpoena is attached hereto as Exhibit A.

The subpoena requests production of documents that are relevant to the issues in this case

and essential to the preparation of the defense.  Production of these documents in advance

of trial, pursuant to Federal Rule of Criminal Procedure 17(c), is essential to allow

defense counsel an opportunity to review the documents and integrate them into the

defense presentation at trial.



## THE SUBPOENAED DOCUMENTS ARE ESSENTIAL TO THE DEFENSE

Defendant Timmy Cox and his co-defendants are charged in a multi-count indictment involving allegations that they stole money from the Seminole Tribe of Florida ("STOF" or "the tribe").   Counsel for Mr. Cox expects to offer an authorization defense.   Specifically, the defense expects to present evidence that the Chief of the Seminole Tribe of Florida, James Billie, authorized Timmy Cox to take money from an STOF account to conduct business intended to benefit the tribe.   One such investment was an internet gaming business.

The defense intends to present evidence that these monies came from Chairman Billie's multi-million dollar "allocation," which was granted to him as a member of the STOF Tribal Council.   The defense expects to present evidence that the Council Members' "allocations" were completely discretionary, and that the Chairman acted within his broad discretion in authorizing the defendants to take and spend money from his allocation.

The government's evidence will show that these funds were obtained and spent by a company called Virtual Data, Ltd., which was owned by the defendants.   The government is expected to make much of the fact that the tribe was not an owner of Virtual Data, Ltd.  The defense expects to present evidence that it was common practice for the tribe to do business through companies in which it had no official ownership interest.  The government is also expected to make much of the fact that there was not a Tribal Council Resolution approving the disbursement to Virtual Data.   The defense expects to present evidence that the tribe often spent money without obtaining a Resolution from the Tribal Council.

2

The documents requested in this subpoena are all crucial to this defense. Items 1, 2 and 3 all relate to the STOF Tribal Council's multi-million dollar "allocations." These items request reports reflecting how the members of the Tribal Council representing the Hollywood, Big Cypress and Brighton Reservations spent their multi-million dollar allocations. Undersigned counsel expects that these records will show that allocation monies were entirely discretionary and were spent on a wide range of personal and tribal-related items, including investments in various of the Council members' businesses.

Item 4 requests video and audio recordings of Tribal Council meetings. Records of these meetings are expected to support the defense argument that the method by which the funds in this case were disbursed and expended was consistent with other of the STOF's business ventures.

Item no. 5 requests the stock certificates for a corporation called Seminole S.A. This company managed the STOF's businesses in South America. Evidence will establish that the tribe put millions of dollars into Seminole, S.A. Though this is a tribal entity, the stock certificates issued by Seminole S.A. are expected to show that the tribe was not a shareholder. The shareholders of Seminole, S.A. are all individuals, just as is the case with Virtual Data, Ltd. This evidence will contribute to our establishing that the tribe often did business through companies in which the tribe had no formal ownership interest.

Item 6 requests corporate records of Virtual Data, Ltd., the defendants' corporation that initially received the money that is the subject of this case. It is the defense assertion that the Seminole Tribe was aware of the existence and purpose of Virtual Data Ltd.; we believe that the Tribe may have some of the corporate documents, which would be relevant to this case.

3

Item 7 requests any documents, including Resolutions, agreements, records of ownership and records of payment, relating to the tribe's investment in Alligator Alley Management Corp. and/or Alligator Alley Restaurant. I have attached as Exhibit B an April 1, 1999 memorandum from George Johnson to James Billie stating that the tribe or Billie had a 50% ownership interest in Alligator Alley, although the tribe's name was "purposely kept . . . off of any public record." This document was in the government discovery. This type of shadow ownership arrangement mirrors what occurred with Virtual Data, and was consistent with the tribe's way of doing business generally. This will be a crucial point for the defense. For this reason, records related to the Alligator Alley investment are relevant to the defense.

Item 8 requests records of a December 11, 1997 meeting of the Tribal Council. Attached as Exhibit C is a summary of the business conducted at that meeting. This record reflects that the tribe was considering an investment in internet gaming. The defense in this case will be that the Virtual Data money went in large part to this venture. The tribe's authenticated records of the December 11th meeting, confirming that they were exploring the internet gaming business, will be important to the defense.

Items 9 and 10 relate to payments the tribe made to Nationwide Landscaping. Upon information and belief, the tribe paid Nationwide Landscaping hundreds of thousands of dollars in the period covered by this subpoena. Upon further information, Nationwide Landscaping is owned by a family member of one of the tribal council members who may be a government witness. Our review of the STOF Resolutions provided in discovery reflects that the tribe's payments to Nationwide Landscaping were not approved by a tribal council resolution. Evidence regarding payments to Nationwide Landscaping will be effective in countering the government's claim that the tribe only

4

made payments pursuant to Resolutions. The amount of the payments – which is far in excess of what would be likely for landscaping services – is also relevant to show the tribe's spending practices.

Rule 17(c) of the Federal Rules of Criminal Procedure provides that, at the court's direction, a subpoena may call for documents to be produced "at a time prior to the trial or prior to the time when they are to be offered in evidence and may upon their production permit the books, papers, documents or objects or portions thereof to be inspected by the parties or their attorneys." This is an appropriate case for an order requiring pretrial production of documents under Rule 17(c). As is demonstrated above, the subpoenaed evidence is relevant to the defense case. Authenticated copies of these records are only available from the tribe. In addition, the government has used the subpoena power to obtain pretrial production of over 6,000 documents from the Seminole Tribe of Florida. It is only fair for the defense to have similar pretrial access to the documents they require for their defense. Finally, pretrial production of these documents will provide the parties with an opportunity to review the evidence prior to the trial commencing, avoiding unnecessary delay in the trial.

## CONCLUSION

For the foregoing reason, we respectfully ask that the Court grant defendant

Timmy Cox's motion for an order requiring pretrial production of documents under Fed.

R. Cr. P. 17(c).  A proposed order in connection with this motion is submitted to the

Court herewith.

Dated:  Boca Raton, Florida
        November 14, 2002

                    Respectfully submitted,

                    SIEGEL, LIPMAN, DUNAY &
                    SHEPARD, LLP
                    Attorneys for Timmy Cox
                    The Plaza – Suite 801
                    5355 Town Center Road
                    Boca Raton, Florida 33486
                    Tel.:  (561) 368-7700
                    Fax:  (561) 368-9274

                    Kenneth W. Lipman
                    Fla. Bar No.  267546

                    JULIE PRAG VIANALE
                    Attorney for Timmy Cox

                    Julie Prag Vianale
                      Fla. Bar No.  0184977
                    The Plaza – Suite 801
                    5355 Town Center Road
                    Boca Raton, Florida 33486
                    Tel.:  (561) 391-4900
                    Fax:  (561) 368-9274
                    E-mail:  Jvianale@aol.com

# Exhibit A

AO 89 (Rev. 7/95) Subpoena in a Criminal Case

# United States District Court
## Southern District of Florida

CASE NUMBER: 02-60111-Cr-Dimitrouleas

Magistrate Judge Snow

UNITED STATES OF AMERICA

**SUBPOENA IN A**
**CRIMINAL CASE**

V.

Danny Wisher, Timmy Cox and
Michael Crumpton

TO:
    Custodian of Records
    The Seminole Tribe of Florida
    6300 Sterling Road
    Hollywood, Florida  33024

[X]  YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below, or any subsequent place, date and time set by the court, to testify in the above referenced case. This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court. *

| PLACE United States District Court Southern District of Florida 299 E. Broward Blvd. Ft. Lauderdale FL  33301 | COURTROOM 203 |
| | DATE AND TIME Wednesday, November 27, 2002 12:00 noon |

[X]  YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):

See attached rider

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT | DATE November 14, 2002 |
| (BY) DEPUTY CLERK | |

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER
    Julie Prag Vianale
    5355 Town Center Road - Suite 801
    Boca Raton FL 33486  Tel.: (561) 391-4900

*In lieu of a personal appearance in court, documents may be delivered to counsel Julie Vianale at the above-noted address.

Rider to Subpoena Duces Tecum dated November 14, 2002 issued to
Seminole Tribe of Florida in the case of
**United States v. Danny Wisher, Timmy Cox and Michael Crumpton**
**Case No. 02-60111-CR-Dimitrouleas**

1. Financial records and/or reports known within the Seminole Tribe of Florida as "Big Button" reports and/or Member Detail Report for all individuals named in the attached Exhibit A, for the period from April 1, 1999 to the date of this subpoena.

2. Any and all financial records and reports reflecting expenditures from reservation allocations for the Hollywood, Big Cypress, and Brighton Reservations for the period from April 1999 to the date of this subpoena.

3. Any and all financial records and reports providing a Summary by Vendor reflecting expenditures from the allocations for the Hollywood, Big Cypress, and Brighton Reservations for the period from April 1999 to the date of this subpoena.

4. Any and all video and audio recordings of Tribal Council meetings from October 1999 through May 2001.

5. Any and all stock certificates issued for Seminole S.A. for the period from October 1999 to the date of this subpoena.

6. Any and all corporate records of Virtual Data, Ltd., a Delaware corporation, including but not limited to the corporate minute book and any stock certificates.

7. Any and all documents, including but not limited to tribal council resolutions, agreements, records of ownership, and records of payments made by STOF reflecting or relating to Alligator Alley Management Corp. and/or Alligator Alley Restaurant from January 1, 1997 to the date of this subpoena.

8. Any and all Minutes for, video and audio recordings of and summaries of the meeting of the Seminole Tribe of Florida Tribal Council held on December 11, 1997.

9. Records reflecting and any all payments from the Seminole Tribe of Florida to Nationwide Landscaping for the period from January 1, 1997 to the date of this subpoena.

10. Any Resolutions of the Tribal Council approving disbursements of funds to Nationwide Landscaping.

# EXHIBIT A

| NAME | VENDOR/MEMBER NUMBER |
|---|---|
| MAX B. OSCEOLA JR. | M0067 |
| MAX B. OSCEOLA III | M1467 |
| MELISSA OSCEOLA | M1370 |
| MEAGHAN OSCEOLA | M2136 |
| MARGE OR MARGARET OSCEOLA | E0917 & MA173 |
| LAURA MAE OSCEOLA | M0700 |
| JOHN JOINT | ? |
| DAVID R. CYPRESS | M0239 |
| DOREEN CYPRESS | M1320 |
| MARCIA CYPRESS | M1244 |
| SHIRLEY CLAY | M0609 |
| MARTHA DOCTOR | M0282 |
| DEVIN CYPRESS | M1555 |
| MITCHELL CYPRESS | M0237 |
| MICHELE CYPRESS | M1229 |
| ANGIE CYPRESS | M1392 |
| JACK SMITH JR. | M0752 |
| ETEAU OSCEOLA | M1851 |
| JUDY A. BAKER | M0001 |
| GUSTAVUS A. BAKER IV | M0002 |
| JUANITA OSCEOLA | M0202 |
| MARCELLUS W. OSCEOLA SR. | M0702 |
| LEON WILCOX | M0980 |
| MARCELLUS W. OSCEOLA JR. | M1184 |
| TREVOR MAX BEAR CYPRESS | M2572 |
| DALE GRASSHOPER | M0540 |
| SARAH MARRERO MCDONALD | M0550 |
| CARLENE OSCEOLA | M0968 |
| MARISSA BAKER | M1321 |
| PRISCILLA SAYEN | M0738 |
| KRISHNA LAWRENCE | KR101 |
| TERESA COLALUCA | TER11 |
| CHRISTINE O'DONNELL | SO250 |

Exhibit B

# SEMINOLE TRIBE OF FLORIDA

TELEPHONE
(954) 966-6300
Ext. 1101

FACSIMILE
(954) 967-3497

WEBSITE
www.seminoletribe.com



Tribal Officers:

JAMES E. BILLIE
Chairman

MITCHELL CYPRESS
Vice Chairman

PRISCILLA D. SAYEN
Secretary-Treasurer

## REAL ESTATE SERVICES
6300 STIRLING ROAD
HOLLYWOOD, FLORIDA 33024-2198

### MEMORANDUM

TO:     James E. Billie

FROM:  George Johnson

**RE:    Kilmo**

DATE:  April 1, 1999

---

I have worked with Kilmo over the past 6 weeks regarding his proposal to develop and operate a themed bar/restaurant/night club. The following have been accomplished to date:

1. Kilmo had preselected 4 possible sites, all along University Drive in Davie-Plantation-Sunrise, with suitable buildings which are either vacant now or may be vacant in the near future. I visited each site and briefly evaluated the pros and cons. The least expensive site with the most potential is a nightclub of about 10,000 sq. ft. in Sunrise, presently operating as HILLBILLY ROCK at 2079 University Drive, in the Sunset Square shopping center. We have concentrated on this site.

2. I incorporated Kilmo as "Alligator Alley Management Corp.", of which he is the sole Director and President, and I am the Secretary for now. Kilmo will own 50% of the stock, you or Seminole Tribe will own 50% of the stock. We purposely kept your name and the Tribe off of any public record in this matter.

3. I applied for and received a federal Employer's ID# for Alligator Alley Management Corp.

4. I will apply to IRS within the 75 days allowed for the corporation to have Subchapter S status (which avoids paying corporate income taxes).

5. I have met several times with the owners of Hillbilly Rock and once with their attorney. I prepared an Asset Purchase Agreement, which they revised, and we have all signed it.

For a purchase price not to exceed $163,570 we will obtain the following:

1. the existing lease of 10,000 sq. ft.,
2. the liquor license, and
3. all bars, bar equipment, etc.

6. I will need the following funds to close this transaction, all checks made payable to Alligator Alley Management Corp. :

(a) $18,000.00-immediately

This is the $15,000.00 escrow deposit in the Asset Purchase Agreement and $3,000.00 to establish a bank corporate account balance.

(b) $9,700.00 (approximately)-April 20, 1999

This is 1 month's rent security to be held by landlord.

(c) $148,570.00-May 5, 1999

This is the balance due at closing ($163,570 less $15,000 escrow deposit).

Between now and closing, we will work on the following:

A. Meet with the Landlord to negotiate a transfer of the lease; and

B. Transfer the existing liquor license.

Copies of signed closing documents will be provided to you after May 5, 1999.

# Seminole Tribe of Florida
## Requisition Document

#994

| | Requisition |
|---|---|
| Number | 000636 |
| Date | 4 x 99 |

Approved By (Last Name)

Blllllle

Vendor Code    AILL-SI8

Vendor Full Name    Alligator Alley Management Corp

Special Instructions    Ned 4800 - Estra to Fredly Services -

Comments

| Member Code | Pymnt Type | Invoice Number | Date | Account Description | G/L Account Number | | | | Account Value |
|---|---|---|---|---|---|---|---|---|---|
| | | | / / | STOF | Fund ID | Account | Dept. | Func | |
| | | | / / | | | | | | |

Program Name    Corea

Approval Signature

| Batch # | 442 |
|---|---|

Requisition Total

| Check # | 16390 |
|---|---|
| Check Date | 4-2-99 |

| PPd Comp. Ck. | | PPd Typed Ck. | |
|---|---|---|---|

Date to Pay    / /

Change Notes:

12
4223

Exhibit C

G OF THE TRIBAL COUNCIL HELD ON
CEMBER 11, 1997 IN HOLLYWOOD, FL

/3

eeting was called to order by Chairman
s E. Billie at 10:50 a.m.

e meeting was called to review the current
dget status; herbal medicine project;
ternet gaming; future of housing program;
ndlelight Park Lease buy out.

-97-97: Appointed the following persons to
rve as members of the Land Use Commission;
id terms to commence on January 1, 1998 and
pire on December 31, 1999: Joe Osceola, Jr-
llywood; Mary Jumper-Big Cypress; Rosie
llie-Brighton; Jennie J. Martinez-Immokalee
IFR: that this resolution hereby adopted after
motion made by Max B. Osceola, Jr., seconded
y Jack Smith, Jr. and a roll call vote as
ollows:

| | |
|---|---|
| hairman James E. Billie | Aye |
| ice Chairman Mitchell Cypress | Aye |
| ouncil Rep. David R. Cypress | Aye |
| ouncil Rep. Jack Smith, Jr. | Aye |
| ouncil Rep. Max B. Osceola, Jr. | Aye |

-98-98: Approves the renewal of Revocable
ermit No. 142-24 issued by Howard E. Tommie to
andy Gettinger d/b/a Pinpoint Marketing, Inc.;
aid permit to expire December 31, 1999; BIFR:
hat this resolution is hereby adopted after a
otion made by Max B. Osceola, Jr., seconded by
avid R. Cypress and a roll call vote as
ollows:

| | |
|---|---|
| hairman James E. Billie | Aye |
| ice Chairman Mitchell Cypress | Aye |
| ouncil Rep. David R. Cypress | Aye |
| ouncil Rep. Jack Smith, Jr. | Aye |
| ouncil Rep. Max B. Osceola, Jr. | Aye |

-99-98: Approves the renewal of Revocable
ermit No. 182-21 issued by Jacob Osceola to
andy Gettinger d/b/a Pinpoint Marketing, Inc.;
aid permit to expire December 31, 1999; BIFR:
hat this resolution is hereby adopted after a
otion made by Max B. Osceola, Jr., seconded by
avid R. Cypress and a roll call vote as
ollows:

| | |
|---|---|
| hairman James E. Billie | Aye |
| ice Chairman Mitchell Cypress | Aye |
| ouncil Rep. David R. Cypress | Aye |
| ouncil Rep. Jack Smith, Jr. | Aye |
| ouncil Rep. Max B. Osceola, Jr. | Aye |

C-100-98: Approves the renewal of Revocable
Permit No. 1528 issued to Anthony Arnoogam
d/b/a Hummingbird Ice Cream; said permit to
expire December 31, 1999;  BIFR: that this
resolution is hereby adopted after a motion
made by Max B. Osceola, Jr., seconded by David
R. Cypress  and a roll call vote as follows:

| | |
|---|---|
| Chairman James E. Billie | Aye |
| Vice Chairman Mitchell Cypress | Aye |
| Council Rep. David R. Cypress | Aye |
| Council Rep. Jack Smith, Jr. | Aye |
| Council Rep. Max B. Osceola, Jr. | Aye |

C-101-98: Approves the renewal of Revocable
Permit No. 142-34 issued by Howard E. Tommie
to Lamar D. Ogden d/b/a LDO Seafood, Inc.; said
permit to expire December 31, 1999; BIFR: that
this resolution is hereby adopted after a
motion made by Max B. Osceola, JR., seconded b
David R. Cypress and a roll call vote as
follows:

| | |
|---|---|
| Chairman James E. Billie | Ay |
| Vice Chairman Mitchell Cypress | Ay |
| Council Rep. David R. Cypress | Ay |
| Council Rep. Jack Smith, Jr. | Ay |
| Council Rep. Max B. Osceola, Jr. | Ay |

C-102-98: Approves the issuance of a no-fee
Revocable Permit to Barbara Finley for the
limited retail sale of boxed candy from her
seat in the Hollywood Seminole Bingo facility;
BIFR: that said Revocable Permit may be revoke
by the facility manager, currently Mr. Larry
Frank, upon 24 hours written or verbal notice;
BIFR: that this resolution is hereby adopted
after a motion made by Max B. Osceola, JR.,
seconded by David R. Cypress and a roll call
vote as follows:

| | |
|---|---|
| Chairman James E. Billie | Ay |
| Vice Chairman Mitchell Cypress | Ay |
| Council Rep. David R. Cypress | Ay |
| Council Rep. Jack Smith, Jr. | Ay |
| Council Rep. Max B. Osceola, Jr. | Ay |

C-103-98: Approves the renewal of Revocable
Permit No. 64-06 to December 31, 1998 with
monthly permit fee to be increased; BIFR: that
this resolution is hereby adopted after a
motion made by Max B. Osceola, Jr., seconded b
David R. Cypress and a roll call vote as
follows:

**98:** contd.

| | |
|---|---|
| man James E. Billie | Aye |
| Chairman Mitchell Cypress | Aye |
| uncil Rep. David R. Cypress | Aye |
| uncil Rep. Jack Smith, Jr. | Aye |
| uncil Rep. Max B. Osceola, Jr. | Aye |

**104-98:** Approves the renewal of Revocable
rmit No. 1510 issued to Schwan's Sales
iterprises, Inc.; said permit to expire
cember 31, 1998; BIFR: that this resolution
; hereby adopted after a motion made by Max B.
sceola, Jr., seconded by David R. Cypress and
roll call vote as follows:

| | |
|---|---|
| iairman James E. Billie | Aye |
| ice Chairman Mitchell Cypress | Aye |
| uncil Rep. David R. Cypress | Aye |
| uncil Rep. Jack Smith, Jr. | Aye |
| uncil Rep. Max B. Osceola, Jr. | Aye |

**105-98:** That Business Lease No. 1262-
iymond Garza, Sr. is hereby renewed for a term
: five(5) years and will now expire August 31,
)02; BIFR: that this resolution is hereby
lopted after a motion made by Max B. Osceola,
r., seconded by David R. Cypress and a roll
ill vote as follows:

| | |
|---|---|
| iairman James E. Billie | Aye |
| ice Chairman Mitchell Cypress | Aye |
| uncil Rep. David R. Cypress | Aye |
| uncil Rep. Jack Smith, Jr. | Aye |
| uncil Rep. Max B. Osceola, Jr. | Aye |

**106-98:** ORIGINAL DOCUMENT NOT SUBMITTED.

**107-98:** ORIGINAL DOCUMENT NOT SUBMITTED.

**OTION:**
BO/DRC   authorize legal counsel to investigate
/0/0     internet gaming proposal and present
         findings to Council
C/DRC    after review of FY 98 budget current
/1/0     status and recommendations, agreed to
         distribute per capita of $1,500/no
         deductions for period of January 1998
         to June 1998.

**ABLED:**
....  Proposal to develop/market a natural
roduct line

No other business presented, the meeting was
adjourned at 3:50 p.m.

/mjw

12
6902